Yocona Tallahatchie Drainage Dist. No. 1 v. Love *et al.*, Board of County Sup'rs.*

(Division B. Nov. 10, 1924.)

[101 So. 684. No. 23849.]

1. Drains. *When board of supervisors or chancery court acquires jurisdiction of landowners' petition to enlarge drainage district stated.*

Under chapter 281, Laws of 1920, which provides that when ten per cent of the landowners owning lands adjoining or adjacent

to any existing drainage district shall petition to extend the boundaries of an existing district in order to embrace other lands, in order for the board of supervisors or the chancery

court to acquire jurisdiction it is necessary that the lands to be annexed be either adjoining or adjacent lands to the original district. Where these lands are neither adjoining nor adjacent, neither the board of supervisors ∤nor the chancery court, as the case may be, acquires, jurisdiction over the lands.

DRAINS.    *Chancery court without jurisdiction to annex proposed land to drainage district cannot assess such lands for expenses incurred.*

Where the chancery court has no jurisdiction over the lands proposed to be annexed to a drainage district, it cannot assess these lands for taxes for expenses incurred.

*Headnotes 1. ·Drains, 19 C. J., section 24 (1926 Anno); 2. Drains, 19 C. J., section 210 (1926 Anno).

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Mandamus by the Yocona Tallahatchie Drainage District No. 1 against A. N. Love, Jr., and others, composing the board of supervisors of Quitman county. From the judgment rendered, the former appeals. Affirmed.

*Lowrey & Lamb* and *Shands, Elmore & Causey,* for appellant.

It is assigned as one ground of the demurrer that the decision of this court in dismissing the petition for the extension of the original district was an adjudication that the lands sought to be taxed in this proceeding were not within the purview of chapter 281 of the Laws of 1920. This position is not well taken. In the first place the lands sought to be taken in this proceeding are adjoining the appellant district. This is shown by the records of this court. All of the land from the southern and western boundary of the original district in Quitman county to the western boundary of the district as proposed to be extended was included in the petition for the extension. All of the land immediately adjoining and south of and immediately adjoining and west of

the original district in Quitman county was included in the petition for extension and the land in Quitman county that it was proposed to add to the existing district constituted one solid block of land from the western and southern boundaries of the original district to the western boundary of the district as it was proposed to extend it and to the southern boundary of the county. The lands sought to be taxed in this proceeding were certainly within the language of chapter 281, as written. This act, however, was subject to judicial review and construction. In other words this court had the power to determine the meaning and effect of the language used by the legislature.

While this court in McLemore case stated that there was no trouble in understanding and determining what lands were included in the word "adjoining," the court did not set out in its opinion what lands were so included. If only the lands that actually adjoined the original district could be annexed under the statute it is uncertain whether one inch, the first forty-acre tract, the first section or the first township next adjoining the existing district could be added. The word "adjacent" is a relative word and what territory would be comprised in a territory described as being "adjacent" would vary according to the connection in which it was used. A judicial determination and finding as to whether the lands sought to be annexed to the original district was necessary on account of the fact that the words "adjoining or adjacent" were used in a relative sense and have varied meanings according to their use in connection with the subject-matter. It was, also, necessary for the court to judicially determine that the extension of the boundaries of the existing district so as to include additional territory and that the construction of the proposed improvements therein would be conducive to the public health, to the public benefit and to the interest of the lands and the owners thereof.

The chancellor was not in position to pass upon and judicially determine the questions necessary to be determined and adjudicated until the preliminary expenses had been incurred.

*Lowery & Lamb* and *Shands, Elmore & Causey,* also for appellant.

This is an appeal from the action of the circuit court of Quitman county, Mississippi, in sustaining a demurrer to the petition of the Yocona-Tallahatchie Drainage District Number One, praying the issuance of a writ of mandamus directing the board of supervisors of Quitman county, Mississippi, to levy an *ad valorem* tax upon certain lands in Quitman county, Mississippi, to repay the said drainage district for all costs advanced by it to defray the expenses incurred in and about the proposed extension of said drainage district. This petition was predicated upon a decree of the chancery court of the second district of Panola county, Miss., entered at the regular July, 1923, term of said court, which decree ratified, reaffirmed and adopted an order and decree of that court entered on October 12, 1923. The demurrer in this case, therefore, is in the nature of a collateral attack upon the decree of the chancery court of the second district of Panola county, Mississippi, of July, 1923. A presumption attaches to every decree of a court of general jurisdiction that the court had first, jurisdiction of the subject-matter, and second, jurisdiction of the person, and that the persons were *sui juris,* and also, a third presumption that all formalities required by law had been complied with before the entering of the decree. 15 R. C. L. 875; *Voorhees* v. *Jackson et al.,* 9 L. Ed. (U. S.) 490; *Grignon* v. *Astor,* 11 L. Ed. (U. S.) 283; *Henderson* v. *Winchester,* 31 Miss. 294; *Vicksburg Grocery Co.* v. *Brennan,* 20 So. 845.

The demurrer in the case at bar states some fourteen

grounds, which we shall discuss. The third ground of demurrer is: "Because, the lands in Quitman county and in other counties and particularly lands west of the Coldwater and Tallahatchie Rivers in Quitman county were not embraced in the plaintiff district at the time it is alleged to have been organized on April 30, 1917." There is no contention made that the lands in question were embraced in the plaintiff's district, because they were not in the original district, in fact. This is a proceeding under chapter 281 of the Laws of 1920, providing: "For the extension of the boundaries of drainage districts organized under the provisions of chapter 243 of the Laws of 1910, chapter 269 of the Laws of 1914, and chapter 195 of the Laws of 1912, so as to embrace adjoining and adjacent lands in such drainage districts." And if the lands had been embraced in the plaintiff's district on April 30, 1917, they would have been a part of the original district and not "lands within the proposed extension," referred to in the decree of July, 1923.

The seventh ground of demurrer contains the real heart of the question involved in this cause. This ground, as stated in the demurrer is "because, there is no law in the state of Mississippi authorizing and empowering either the chancellor or the chancery court to require the board of supervisors to make the levy prayed for, and further because there is no law requiring the said board of supervisors to make the said levy."

The decree in this matter which directs the board of supervisors to levy a tax was made under the provisions of chapter 281 of the Laws of 1920, which law is an amendment and supplement to chapter 195 of the Laws of 1912, and the amendments thereof. The first section of chapter 281 provided: "For the extension of the boundaries of the existing drainage districts so as to embrace adjoining and adjacent lands."

Under these provisions of the law, the chancellor in the case of a district which embraces territory in more than

one county is empowered to enter an order directing the
board of supervisors to levy an assessment to pay the
expenses of making the survey and other preliminary
costs incurred in and about the proposed extension. The
law in this case has been announced by the supreme court
in two cases, which are directly in point. *Yazoo County*
v. *Grable,* 111 Miss. 893; *Grable* v. *Drainage District,* 117
Miss. 387.

The case of *Wooten* v. *Hickahala Drainage District,*
116 Miss. 787, holds that chapter 195 of the Laws of 1912,
is constitutional and that the additional powers conferred
upon the chancery court are constitutional. Under the
authority of these cases and under the laws of the state,
the chancellor has full power to direct the board of super-
visors to make the levy as directed by the chancellor in
the decree of July 24, 1923, and the board of supervisors
have no choice in the matter, but are required by the law
to make the levy. In case they fail to do so or to act
promptly in complying with any of the provisions of
chapter 195 of the Laws of 1912, and the amendments
thereto, the remedy is given in the law itself, which is
that the board of supervisors shall be compelled to com-
ply with the provisions of the act by mandamus.

As to the eighth ground of demurrer, that: "Because
the said petition and the said decree of October 12, 1922,
show that the said petition for the extension of the said
original district were dismissed, and because, as shown
by said petition herein, the lands in the said county are
not adjoining or adjacent and were not susceptible of be-
ing annexed to the lands in the original district." Ap-
pellant would say first that it admits that the petition
for the extension of the original district was dismissed,
and that this proceeding is brought under the provisions
of chapter 281 of the Laws of 1920, which provides for
the repayment of such amounts expended in and about
the proposed extension. Appellant would further say
that the petition does not show "that the lands in said

county are not adjoining and adjacent,'' and that they were not susceptible to being annexed to the lands of the original district, but instead that the petition shows that the said lands are adjoining and adjacent to the original district. This court and all of the courts take judicial notice of the governmental subdivisions of government surveys. *Muse* v. *Richards,* 70 Miss. 581; 7 Ency. of Ev., pp., 988 and 989. This ground of demurrer seeks to set up a jurisdictional matter of fact, which can only be properly raised by plea since there is nothing on the face of the decree to show that the court lacked jurisdiction of the matter pending before it. This point is very well stated in *Pollock* v. *Carolina, etc.,* 25 S. E. 977 at 980.

The ninth ground of demurrer is stated as follows: "'Because, the lands situated in the county of these defendants and particularly the lands west of the Tallahatchie and Coldwater Rivers are not adjoining and adjacent to the Yocona-Tallahatchie Drainage District, and because the proposal to add the said lands was contrary to law, and because the proposed extension is a violation of the law.'' This undertakes to raise a matter of fact, which is not apparent on the face of the pleadings, and therefore, improperly raised by demurrer. The court will judicially notice that Quitman county adjoins Panola county. Chapter 281, Laws of 1920, also provided for just such a state of facts, as we have in this case, and the statement that the proceeding is a violation of the law is a mere conclusion of the pleader, and not worthy of consideration in this court. *Hanks* v. *Neal,* 44 Miss. 212; *Pollock* v. *Carolina, etc.,* 25 S. E. 980.

The defendants here, the board of supervisors of Quitman county, cannot here attack the validity of the judgment on which this petition for a writ of mandamus is founded and certainly they cannot attack the judgment by a demurrer. Wherefore, appellant submits that the judgment of the lower court in sustaining the demurrer to the petition herein was manifest error and that the ac-

tion of the lower court in so doing should be by this court reversed.

*E. L. Mounger, S. L. Gwin, W. M. Whittington* and *Gee & Lowrey,* for appellees.

In drainage matters chancery courts have only such powers as are conferred by the drainage statutes, and none can be inferred. *Jones* v. *Belzoni Drainage District,* 102 Miss. 796; *Equen* v. *Arterbury,* 121 Miss. 76; 9 R. C. L. 932, sec. 19; 6 L. R. A. 202. The supreme court decided that the statute did not confer power to make the proposed annexation or expenditure therefor. *McLemore* v. *Yocona Tallahatchie Drainage District,* 129 Miss. 97, 91 So. 390; Acts 1920, chap. 281. Chancery courts have no jurisdiction to extend boundaries of drainage districts. The act contemplates only additions of small areas by boards of supervisors. Though some of the lands in proposed extension may have been adjoining and adjacent yet petition was not for these lands only, but for a vast body that was not, and such part cannot be included on a petition for the whole. *Bowles* v. *Leflore County,* 85 Miss. 390; *Word* v. *Board of Supervisors,* 114 Miss. 446. Notice of assessment was essential. 9 R. C. L. 657, sec. 48; *Windsor* v. *McVeigh,* 93 U. S. 274, 23 L. Ed. 914; *McHenry* v. *State,* 91 Miss. 577; *Russell v. Mabry,* T. C. 23, 800, 90 So. 2; 19 C. J. 677-78, sec. 129; *State* v. *Kaufman,* 117 N. E. 643; *State* v. *Judicial Dist.,* 138 Minn. 204, 164 N. W. 815; *State* v. *O'Brien,* 138 Minn. 185, 164 N. W. 817; Acts 1912, sec. 1, pp. 213 and 215; Acts 1914, sec. 1, p. 329, and sec. 4, p. 334; Acts 1918, p. 170; Acts 1920, p. 407.

The Act of 1920 provides for payment of only certain well-defined expenditures. There is no authority to pay expenses to attempt to annex lands not adjoining or adjacent or for expenses incurred after the report of the commissioners is filed. The chancery court had no power

to enter decree providing for tax to pay expenses because the whole proceeding had been dismissed. 4 C. J. 1230, sec. 3286; *Parks* v. *Board of Supervisors,* 125 Miss. 617.

The power in the board of supervisors to levy taxes must be conferred by the statute. No decree of any court can confer this power. The petition for mandamus in this cause does not show that the lands sought to be taxed were adjoining and adjacent, and this is a fatal omission which cannot be supplied by the decree. *Lehr* v. *Hall,* 5 How. 54; *Goddard* v. *Long,* 5 S. & M. 782; George's Digest, Evidence III, p. 229, sec. 123.

The landowners were under no obligation to give *supersedeas* bond. No decree could charge them with expenses the court had no jurisdiction to incur or authorize; and the erroneous recital of jurisdictional facts does not cure the defect. *Evans* v. *Wright,* 126 Miss. 703. The chancery court had limited jurisdiction and its decree could confer no authority or power. *Jones* v. *Belzoni District,* 102 Miss. 796, 59 So. 921; *Equen* v. *Arterbury,* 121 Miss. 76, 83 So. 406.

The record of the organization and proceedings were not made exhibits to the petition for mandamus. *Aron* v. *Chaffe,* 72 Miss. 164; *Lehr* v. *Hall,* 5 How. 581.

The judgment should be affirmed.

*Lowrey & Lamb* and *Shands, Elmore & Causey,* for appellant, in reply.

In reply to the contention of counsel for appellee that chapter 281 of the Laws of 1912, provides only for the extension of a district lying and to lie wholly within one county, we submit that the operation and effect of the act cannot be so limited by the court for the reason that the act itself is an amendment to chapter 195 of the Laws of 1912, and amendments thereof and expressly provides that said original acts and all amendments thereto which are or which can be made applicable are a part thereof. It would have been a very simple matter for the legislature to have stated that the operation of chapter 281,

Laws of 1912, was to be confined to districts embracing and to embrace, when extended, lands lying wholly within one county. This was not so provided by the act, and the court cannot so limit it.

The legislature did not provide that an existing drainage district should only be extended over "a very limited area." It did not provide that the extension should not embrace more than a named maximum amount of acres. Even though it was only in contemplation of the legislature that only a limited area should be added to an existing district under the act this would not preclude lands lying in different counties from being added to an existing district because it very frequently happens that a small district embraces lands in more than one county. If the legislature had meant to limit the territory that might be added to an existing district under the act it would have stated so in a very few plain and simple words. This was not done. In addition to the foregoing reasons we submit, however, that this question was settled against the appellee in *McLemore* v. *Yocona-Tallahatchie Drainage District, No. 1,* 91 So. 390.

In the matter of the establishment and extension of drainage districts certain questions must be judicially found and determined, any finding and adjudication by the chancery court of these questions is final unless appealed from in the manner provided by law. As stated in the case of *Windsor* v. *McVeigh,* 93 U. S. 274, 23 L. Ed. 914, referred to in the *McHenry case,* 91 Miss. 577, "all courts, even the highest, are more or less limited in their jurisdiction."

Under chapter 281, Laws 1920, under which the expense in question was authorized by the chancellor, the question of what lands are adjoining or adjacent under the statute is a judicial question, and the legislature did not provide that no expenses incurred in an attempt to annex lands to an existing district should be collected in cases where the petition for the extension included some lands which

136 Miss.—49.   ,

might be determined by the court of last resort not to be adjoining or adjacent to the existing district or that the court might determine would not be benefited by the proposed improvements. Unless this court overrules the following cases of *Yazoo County* v. *Grable,* 111 Miss. 893, 77 So. 777; *Kramer* v. *Standing Pine Drainage District,* 117 Miss. 387, 78 So. 5, it must hold that the chancellor had the power to enter the order of October 12, 1922, without notice to the boards of supervisors or owners of lands involved.

Argued orally by *Lomax B. Lamb* and *A. W. Shands,* for appellant, and *W. M. Whittington, E. L. Mounger,* and *S. L. Gwin,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellant drainage district was organized by decree of the chancery court of Panola county in 1917, under the provisions of chapter 195, Laws of 1912, and amendments thereto. It contains about thirty-four thousand acres of land. In 1920 a petition was filed by certain landowners praying that certain territory be annexed to this drainage district. This territory contained approximately four hundred ninety-three thousand acres of land. This petition for annexation was filed under chapter 281, Laws of 1920.

By decree of the chancery court this additional territory was added to the original drainage district. This action of the court was appealed here for review. This court in construing section 1 of chapter 281, Laws of 1920, held that this additional territory could not be annexed to the original district because the lands were not adjoining or adjacent to that included within the original district. The opinion of the court in this case is reported in 129 Miss. 97, 91 So. 390, under the style of *McLemore et al.* v. *Yocona Tallahatchie Drainage District No. 1.* Both before and after the appeal from the judgment of

the court in the *McLemore case, supra,* a great deal of work was done and a great deal of expense incurred toward perfecting the drainage of this additional territory.   The decree in the McLemore case reversed the decision of the lower court and dismissed the cause.

Thereafter in the chancery court of Panola county in this cause there was rendered a decree levying an *ad valorem* assessment or tax upon these lands which were attempted to be annexed to the original district.   The decree of the court making this assessment refers to the fact that the order of the chancery court in this cause extending the district was by the decree of the supreme court reversed and the petition for the extension dismissed.   A certified copy of this decree was placed in the hands of the board of supervisors of Quitman county. They declined, however, to obey its mandate.

The present cause is a mandamus proceeding to compel the board of supervisors of Quitman county to make this assessment and levy.   The petition sets out in brief a history of the proceeding, and attaches as exhibits thereto certain decrees of the chancellor.   It is unnecessary to set out in full the petition or the exhibits thereto.

There was a demurrer interposed by the board of supervisors and the members thereof and numerous grounds were assigned.   It is only necessary for us to notice one, which is in effect that the decree of the chancellor is void for the reason that the chancery court of Panola county never acquired jurisdiction of these lands.

The jurisdiction of the court in a matter of this kind is stated in section 1, chapter 281, of the Laws of 1920. Under this section, in order for the chancery court to obtain jurisdiction, it is necessary that ten per cent. of the landowners owning lands adjoining or adjacent to any existing drainage district petition the board of supervisors, or the chancellor, as the case may be, to extend the boundaries of the existing district.

There are two necessary requirements which must co-exist in order to give the court jurisdiction: First, there must actually be ten per cent. of the landowners; and second, the lands included in the territory must be adjoining or adjacent to the original district. The second of these essentials was lacking in the petition for the enlargement of the district as decided in the McLemore appeal, that is that these lands are not adjoining or adjacent to the original district, and for this reason alone the cause was reversed and the petition dismissed. Though there were numerous questions raised in the former appeal the decision of that cause was placed upon that one ground. The decree of the chancellor making this assessment refers to this opinion, and we take judicial notice of its contents.

There may arise cases where a district is not formed, or where an extension of a district is denied for other reasons where the court had jurisdiction of the petitioners and of the subject-matter, in which event a different question would be presented to this court as to the attempted *ad valorem* assessment of taxes.

Of course some of the territory included in the proposed extension is adjoining and some adjacent, but in the McLemore opinion the court dismissed the petition because the proposed scheme covered the draining of a vast territory. They treated it as one scheme for one territory. Otherwise it would have permitted the annexation of some of the territory.

We therefore conclude that the chancery court never acquired jurisdiction of the lands in the attempted extension, and consequently the decree attempting to assess these lands for *ad valorem* taxes is void. It was so decided in the circuit court, and the judgment is affirmed.

*Affirmed.*